UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH WILLIAM WOLFE** : | | **DOCKET NO. 15-cv-2864** |
| B.O.P. # 37730-177 | | **SECTION P** |
| **VERSUS** : | | **JUDGE TRIMBLE** |
| **FEDERAL BUREAU OF PRISONS ET AL.** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Summary Judgment [doc. 34] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by Steve Beasley, Lt. Deville, Clint Sonnier, and T. Steffey, the individual defendants who have been served to date in this case, in response to a *Bivens* complaint[1] filed against them by petitioner Joseph William Wolfe ("Wolfe").

For the following reasons, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**I.**
**BACKGROUND**

Wolfe is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is currently incarcerated at the Federal Correctional Institute in Edgefield, South Carolina; however, his

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971), the Supreme Court held that the Constitution provides an implied cause of action, similar to the one authorized under 42 U.S.C. § 1983, against any person who, under color of federal law, acts to deprive another of any right, privilege, or immunity guaranteed by the Constitution and laws of the United States.

complaint relates to events that occurred at the Federal Correctional Institute in Oakdale, Louisiana. He maintains that the defendants retaliated against him for filing grievances, in violation of his First Amendment right to free speech. Doc. 7, p. 3. Specifically, he alleges that the defendants issued incident reports against him, placed him in solitary confinement, and finally had him transferred to another facility against his wishes. *Id.*

The defendants named above now move for summary judgment on multiple grounds, including an allegation that Wolfe has failed to exhaust administrative remedies with the BOP. Doc. 34. Wolfe opposes the motion. Doc. 37.

## II.
### LAW & ANALYSIS

#### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*. Ordinarily, summary judgment may not be granted merely because no opposition has been filed. *See Luera v. Kleberg Cnty., Tex.*, 460 Fed. App'x 447, 449 (5th Cir. 2012) (per curiam).

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the

adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

### B. *Application*

Under the Prison Litigation Reform Act, an inmate must exhaust available administrative remedies before bringing a civil rights suit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006). The exhaustion requirement is not merely an arbitrary rule but instead designed to give prison officials an opportunity resolve disputes concerning their responsibilities before the court becomes involved. *Jones v. Bock*, 127 S.Ct. 910, 914 (2007). "This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Id.* at 914–15. The exhaustion requirement extends to *Bivens* suits brought by federal prisoners. *Porter v. Nussle*, 122 S.Ct. 983, 988 (2002). An inmate's failure to exhaust is an affirmative defense, warranting summary judgment if proven by defendants beyond peradventure. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The B.O.P. provides a four-step grievance process for inmates:

> First, an inmate must attempt to informally resolve the issue with the staff. 28 C.F.R. § 542.13(a). . . . Second, if informal resolution is unsuccessful,

> the inmate must submit a formal written Administrative Remedy Request (form BP-9) to the warden within twenty days after the date on which the basis for the request occurred. 28 C.F.R. § 542.14. Third, if the inmate is not satisfied with the warden's response, he may submit an appeal (form BP-10) to the Regional Director within twenty days of the date of the warden's response. 28 C.F.R. § 542.15. Fourth, if the inmate is not satisfied with the Regional Director's response, the inmate may submit an appeal (form BP-11) to the General Counsel within thirty days of the Regional Director's response. 28 C.F.R. § 542.15. An inmate has not exhausted his administrative remedies until his claim has been denied at all levels.

*Huff v. Neal*, 555 Fed. App'x 289, 293 (5th Cir. 2014). However, as the Supreme Court recently held, there are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief" and thus unavailable. *Ross v. Blake*, 136 S.Ct. 1850, 1859 (2016). These include "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. If a remedy is unavailable, its exhaustion is not required under the PLRA. *Id.*

Here the defendants provide a declaration from Tamala Robinson, legal assistant with the BOP, who has reviewed Wolfe's administrative remedy records. Doc. 34, att. 3. Robinson states that Wolfe never filed any administrative remedies on the retaliation allegations raised here. *Id.* at 3. He did submit one BP-9 request on June 15, 2015, alleging general staff misconduct. *Id.* However, this request was rejected on the same day due to failure to submit through an authorized person and failure to attempt informal resolution. *Id.* It does not appear that he attempted to remedy these deficiencies, and he never appealed with a BP-10 or BP-11 under that case. *Id.*

Wolfe does not dispute these assertions but instead maintains that he was prevented from seeking administrative review by staff. Doc. 37. Specifically, he states that he

> attempted to file administrative remedies at his institution by first making a request to staff as directed by staff at the institution. In response, staff informed Wolfe to stay away from the medical and dental department and began to write incident reports against Wolfe from various staff at the

>prison. The fact that the incident reports were written is part of the basis of Wolfe's retaliation claim.

*Id.* at 2. Despite his contentions, however, Wolfe makes no showing of these threats. As noted above, he must support significant probative evidence in support of his claim, including his contention here that administrative remedies were rendered unavailable due to incident reports and threats by staff. Wolfe's exhibits show that he was the subject of an incident report on June 16, 2015, for "lying to staff" based on allegations about his dental procedures, and on June 22, 2015, for insolence based on his references to the chief dental officer in a request for administrative remedy. Doc. 7, att. 2, pp. 11, 13. He does not show that these incident reports were based on frivolous or trumped-up charges, nor does he show that they were sufficiently vindictive so as to render administrative review unavailable.[2]

Finally, the cumulative act of retaliation – transfer to the Federal Correctional Institute in Edgefield, South Carolina – would have placed him beyond the reach of the defendants from whom he alleges retaliation at Oakdale, and his initial deficient complaint shows that he was aware of imminent transfer at the time he filed this action. Doc. 1. However, he does not show that he

---

[2] Additionally, Wolfe's exhibits show that he was the subject of an incident report and was committed to solitary confinement for alleged threats to medical staff on October 13, 2015. Doc. 7, att. 2, pp. 1, 5. Wolfe did pursue administrative remedies for this disciplinary action via an administrative tort claim. *Id.* at 6. The response, dated February 12, 2016, shows that the October 13 incident report was expunged after the disciplinary hearing officer determined that the content of the report did not fit the charge. *Id.* at 7–8. In his response, the regional director informed Wolfe that he had six months to file suit on his tort claim but that the BOP would continue its investigation into his allegation of staff misconduct. *Id.* at 8. Accordingly, Wolfe cannot be said to have exhausted his retaliation claim through this process as there is no evidence that it was denied before he filed his amended complaint on March 7, 2016.

We also note that Wolfe also filed a request for administrative remedy on November 27, 2015, seeking to withdraw his transfer request after learning he would be sent to South Carolina. *Id.* at 4. Accordingly, Wolfe's own evidence shows that he felt secure enough to resume filing administrative remedies from Oakdale as of October and November 2015, before his complaint was filed in this court. His claim that prison administrators rendered these remedies unavailable is therefore belied by his own evidence.

attempted any administrative review after his transfer to Edgefield or explain why he could not. Accordingly, this action should be dismissed for lack of administrative exhaustion.[3]

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 34] be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE** for lack of administrative exhaustion.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Although some defendants have not joined in this motion for summary judgment, it inures to their benefit as well. *Ajaj v. Ward*, 2016 WL 5470416, *2 n. 2 (E.D. Tex. Sep. 29, 2016) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)).